UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.12-cv-23670-UU

AZURE, LLC,

    Plaintiff,

v.

FIGUERAS SEATING U.S.A., INC. *et al.*,

    Defendants.

_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's Motion for Summary Judgment. D.E. 136.

THE COURT has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. The motion has been fully briefed, and is ripe for determination.

## BACKGROUND

The following facts are not in dispute unless otherwise indicated. Figueras International Seating ("Figueras International"), is a Spanish company that manufactures and distributes seating products. Figueras Seating U.S.A., Inc. ("Figueras USA") is a Figueras International subsidiary that distributes Figueras seating products in the United States and Canada. DeVries Affidavit at ¶ 4.

Azure, LLC ("Azure") is a Minnesota company that contracts with various manufacturers to solicit product orders in return for commissions. In September of 2002, Azure entered into one such agreement with Figueras USA, under which Azure had the right and duty to market,

promote, and sell Figueras products in a territory including Minnesota, North Dakota, South Dakota, and Wisconsin. Independent Sales Representative Agreement at ¶¶ 2, 3, 8. In return, Figueras USA agreed to pay to Azure a commission on "all orders solicited by [Azure] and accepted by [Figueras USA] pursuant to [the] Agreement and shipped by [Figueras USA] to the customer(s)." *Id.* at ¶ 9(A). The agreement was limited in scope, and did not apply to "sales of the Product to customers outside the Territory except for sales of the Product to customers outside the Territory that consist of specifications written in the Territory and registered with [Figueras USA]." *Id.* at ¶ 8. The contract contained no terms differentiating international sales from domestic sales.

In 2009 and 2010, Azure solicited purchase orders from foreign customers for Figueras products to be used in Qatar (the "SIDRA project") and in Saudi Arabia (the "PNU project"). Schultze Deposition at p. 76; Figueras USA's Statement of Undisputed Facts at ¶ 9. The architects that wrote Figueras products into the architectural specifications for those projects were located within Azure's territory. *Id.* And there is evidence that both a divisional sales manager and an executive officer at Figueras USA assured Azure's President that Azure would receive commissions on any SIDRA and PNU sales. Shand Deposition at pp. 35–36, 71–74, 145.

After Figueras products were specified in the architectural plans for the SIDRA and PNU projects, purchase orders were placed directly with Figueras International. Figueras USA's Statement of Undisputed Facts at ¶ 11. As such, Figueras USA neither received proceeds nor shipped products pursuant to the orders. Azure has not received commissions on the sales from either Figueras USA or Figueras International.

On April 5, 2012, Azure filed suit against Figueras USA and Figueras International,

(D.E. 1), and in the operative complaint brings claims of: (1) breach of contract; (2) promissory estoppel; (3) fraud; (4) negligent misrepresentation; and (5) unjust enrichment. D.E. 82. Figueras USA now moves for summary judgment as to all claims.

## LEGAL STANDARD

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The Supreme Court explained in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970), that when assessing whether the movant has met this burden, the court should view the evidence and all factual inferences in the light most favorable to the party opposing the motion.

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the nonmoving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991(5th Cir. 1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec.*

*Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts then the court should deny summary judgment. *Impossible Elecs. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or otherwise are not in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the nonmoving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

**ANALYSIS**

Figueras USA moves for summary judgment as to each of Azure's five claims. The Court considers each claim in turn.

<u>Breach of Contract</u>

To succeed on a claim for breach of contract, a plaintiff must prove: (1) the existence of a valid contract; (2) a material breach; and (3) damages. *See, e.g.*, *Barbara G. Banks, P.A. v. Thomas D. Lardin, P.A.*, 938 So. 2d 571, 575 (Fla. 4th DCA 2006).[1] Here, the contract provides,

---

[1] Neither party disputes that Florida law applies.

"[Figueras USA] agrees to pay [Azure] a commission ... on all orders solicited by [Azure] and accepted by [Figueras USA] pursuant to this Agreement and shipped by [Figueras USA] to the customer(s)." Figueras USA argues that it owes Azure no commissions on the SIDRA and PNU sales because it was not the entity that made those sales. In response, Azure argues, among other theories, that Figueras USA breached the agreement by not paying the commissions because: (1) Figueras USA, by its course of conduct, waived the condition that orders originating in Azure's territory be placed with Figuras USA; (2) Figueras USA waived that condition by operation of the legal doctrine of prevention of performance; and (3) the parties expressly agreed to modify the agreement for the SIDRA and PNU sales. Azure has pointed to evidence in the record sufficient to demonstrate that there are genuine issues of material fact regarding these theories. Consequently, Figueras USA's motion for summary judgment on the breach of contract claim will be denied.

<u>Promissory Estoppel and Unjust Enrichment</u>

Under Florida law, equitable claims such as promissory estoppel and unjust enrichment are barred where there exists a contract governing the subject matter. *See, e.g.*, *Diamond "S" Dev. Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. 4th DCA 2008); *Kovtan v. Frederiksen,* 449 So.2d 1, 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter."). Figueras USA argues that Azure's promissory estoppel and unjust enrichment claims are barred because the agreement governs whether Azure is entitled to commissions on the SIDRA and PNU sales. But Figueras USA elsewhere argues that those transactions fall outside the scope of the agreement. And insofar as it has yet to be determined that the SIDRA and PNU sales fall within the scope of the agreement,

Figueras USA is not entitled to summary judgment as to Azure's promissory estoppel and unjust enrichment claims.

### Fraud and Negligent Misrepresentation

Figueras USA argues that Azure's fraud and negligent misrepresentation claims are barred by the economic loss rule. However, Florida's economic loss rule applies only to products liability cases. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 407 (Fla. 2013). Accordingly, Figueras USA's argument fails.

### Waiver of Jury Trial

The parties' contract contained a jury waiver provision stating, "[t]he parties to this Agreement do hereby specifically waive trial by jury ... ." Independent Sales Representative Agreement at ¶ 17. The parties dispute whether this waiver extends to Azure's fraud and negligent misrepresentation claims. But even assuming *arguendo* that the waiver extends to these claims as a matter of contract interpretation, Azure did not knowingly and voluntarily agree to that application.

A contractual waiver of one's Seventh Amendment right to a jury trial is enforceable only where it was knowing and voluntary. *See Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006); *Brookhart v. Janis,* 384 U.S. 1, 4-5, 86 S.Ct. 1245, 1246-47, 16 L.Ed.2d 314 (1966). In determining whether a waiver is knowing and voluntary, courts consider "the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Bakrac, Inc.*, 164 F. App'x at 823-24; *K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d

752, 755-56 (6th Cir. 1985) (holding that whether a waiver was knowing and voluntary is a constitutional question separate and distinct from rules of substantive contract law).

Here, the scope of the waiver provision is glaringly ambiguous. *See, e.g.*, *Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1253 (M.D. Fla. 2004). And because Figueras USA identifies no facts neutralizing this deficiency, the Court finds that Azure did not knowingly and voluntarily waive its right to a jury trial as to its fraud and negligent misrepresentation. Accordingly, the Court will strike Azure's demand for a jury trial only as to Azure's breach of contract claim.

## CONCLUSION

In accordance with the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion, (D.E. 136), is GRANTED IN PART and DENIED IN PART. Azure's demand for jury trial is hereby STRICKEN as to Azure's Breach of Contract claim. The motion is DENIED in all other respects.

DONE AND ORDERED in Chambers, Miami, Florida, this _21st__ day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via cm/ecf